## S04A0958. WALLACE v. THE STATE.
(605 SE2d 29)

FLETCHER, Chief Justice.

This appeal is the second appearance of this case. In the earlier appeal, this Court reversed Jermeal Wallace's conviction for malice murder because of unconstitutional burden-shifting jury charges on intent and malice.[1] The Court remanded for re-trial or re-sentencing. On remand, the trial court sentenced Wallace to life in prison for felony murder. Wallace now appeals, contending that the unconstitutional jury charge on intent also affected the felony murder count. Because the jury charge on intent did not affect the felony murder count, we affirm.

The evidence and proceedings in this case are set out fully in the prior appeal. Wallace was convicted of malice murder and two counts of felony murder for the death of the single victim. After this Court's reversal of the malice murder conviction, the trial court sentenced Wallace to concurrent sentences on both felony murder counts. However, sentencing on only one count was proper,[2] and, therefore, one sentence must be vacated.

---

[1] *Wallace v. State*, 275 Ga. 879 (572 SE2d 579) (2002).
[2] *Malcolm v. State*, 263 Ga. 369, 371-372 (434 SE2d 479) (1993).

The underlying felony on one count was possession of a firearm by a convicted felon. As detailed in *Wallace I*, the charge on intent was unconstitutional in that it told the jury that the law presumes the intent to kill from the use of a deadly weapon. However, unlike malice murder, neither felony murder nor possession of a firearm by a convicted felon requires proof of an intent to kill.[3] Because the erroneous charge on intent did not affect the felony murder count based on the underlying possession charge, no reversible error appears.[4]

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED NOVEMBER 8, 2004.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[3] *Smith v. State*, 244 Ga. 814, 821-822 (262 SE2d 116) (1979).
[4] Because only one sentence on felony murder was proper, we need not decide whether the erroneous charge affected the remaining felony murder count, which was based in part upon aggravated assault with intent to murder, rape, or rob.